# CIVIL COVER SHEET

JS 44 (Rev. 04/21)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CLEANSPACE MODULAR, LLC

**(b)** County of Residence of First Listed Plaintiff: **BUCKS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire #21374
Sidney L. Gold & Assoc., P.C. 1835 Market St., Ste. 515,
Phila. PA 19103 215-569-1999

## DEFENDANTS
STEVEN FEELEY

County of Residence of First Listed Defendant: **BUCKS**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [x] 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
DEFEND TRADE SECRETS ACT OF 2016, 18 U.S.C. SEC. 1836(B)
Brief description of cause:
EMPLOYMENT MATTER

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/06/2023
SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE #21374 ATTORNEY FOR PLAINTIFF

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **607 AIRPORT BLVD. DOYLESTOWN PA 18902**

Address of Defendant: **2551 CANDYTUFT DRIVE, JAMISON, PA 18929**

Place of Accident, Incident or Transaction: **607 AIRPORT BLVD. DOYLESTOWN PA 18902 & 2551 CANDYTUFT DRIVE, JAMISON, PA 18929**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **01/06/2023**   **/s/ Sidney L. Gold, Esq.**   **21374**
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

## ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **SIDNEY L. GOLD, ESQUIRE**, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: **01/06/2023**   **/s/ Sidney L. Gold, Esq.**   **21374**
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

CLEANSPACE MODULAR, LLC : CIVIL ACTION
:
v. :
STEVEN FEELEY :
: NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (☑)

| | | |
|---|---|---|
| 01/06/2023 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)　　　　The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)　　　　In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)　　　　The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)　　　　Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)　　　　Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLEANSPACE MODULAR, LLC, | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN FEELEY, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |

## COMPLAINT AND JURY DEMAND

**I.　PRELIMINARY STATEMENT:**

1.　This is an action for an award of damages, attorneys' fees, injunctive relief, and other relief on behalf of Plaintiff, CleanSpace Modular, LLC, against Defendant Steven Feeley (referred to as "Defendant"), who has been harmed by Defendant's unlawful actions as set forth herein below.

**II.　JURISDICTION AND VENUE:**

2.　The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, as Plaintiff's claims are substantively based on the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b), the Stored Communications Act ("SCA"), 18 U.S.C. §2701, et seq., and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030, et seq.

3.　The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under Pennsylvania law.

4.　Venue is proper in this District as the transactions and occurrences upon which Plaintiff's claims are based occurred in this District.

**III. PARTIES:**

5. Plaintiff, CleanSpace Modular, LLC, is a Pennsylvania limited liability corporation with its principal place of business located at 607 Airport Blvd, Doylestown, PA 18902.

6. Defendant, Steven Feeley, is a natural person and a citizen of the Commonwealth of Pennsylvania, residing therein at 2551 Candytuft Drive, Jamison, PA 18929.

**IV. STATEMENT OF FACTS:**

7. Plaintiff, CleanSpace Modular, LLC ("Plaintiff"), has built a global presence and stellar reputation in the pharmaceutical and construction industry based upon its broad line of quality products and custom solutions designed for its clients' unique requirements. Its products have been approved for use in the most demanding applications and industries.

8. Plaintiff employs a highly-skilled technical staff, operating from within its state-of-the-art production facility located in Doylestown, Pennsylvania. In addition, Plaintiff employs an experienced sales force tasked with developing client relationships into long-term partnerships. Further, Plaintiff's executive leadership team members are critical to its business and are placed in a position of trust and confidence.

9. Employees of Plaintiff are entrusted with Plaintiff's confidential, proprietary information and trade secrets, such as: customer agreements; customer service information; intellectual property; names of customer contacts and the identities of their decision-makers; identities of distributors and suppliers; internal personnel and financial information; information about customers that is not generally known to the public; information about the profitability of particular customers; the manner and method's of conducting Plaintiff's business; and marketing plans, development plans, and marketing techniques, all of which is information that gives

2

Plaintiff a competitive business advantage, or the opportunity of obtaining such an advantage, the disclosure of which, could be detrimental to the interests of Plaintiff.

10. To protect this confidential business information, Plaintiff requires employees with regular access to such information to enter into agreements with confidentiality and non-disclosure provisions.

11. On or about April 18, 2021, Plaintiff hired Defendant Steven Feeley ("Defendant") into the position of Controller. In said capacity, Defendant was responsible for Plaintiff's payroll, accounts receivable, and finances.

12. In connection to his role as a Controller, Defendant had access to and learned various aspects of Plaintiff's confidential information, including its strategic business plans, customer lists, product importation and distribution plans, sales and marketing strategies, pricing strategies, targeted supplier and customer acquisition plans, intellectual property, and competitive strengths and weaknesses. The disclosure or misuse of this information, coupled with the usurping of Plaintiff's customer goodwill, would be detrimental to Plaintiff's business, resulting in the irretrievable loss of its customer relationships and competitive advantage.

13. To protect the valuable goodwill and proprietary confidential information with which it entrusts its employees, as a condition of Defendant's employment, Plaintiff required that Defendant enter into a "Confidential Disclosure Agreement," a true and correct copy of which is attached hereto and marked as "Exhibit A."

14. In September of 2022, Plaintiff uncovered that Defendant had surreptitiously and without authorization overpaid himself approximately $4,000 in salary over the course of several months. Upon uncovering Defendant's theft, Plaintiff promptly terminated his employment.

15. In or about October of 2022, Plaintiff learned that following the termination of his employment, Defendant intentionally revealed proprietary and confidential information and trade secrets to AES, Inc., a direct competitor of Plaintiff in violation of his Confidential Disclosure Agreement.

16. Furthermore, in October of 2022, Plaintiff uncovered that Defendant had unlawfully accessed Plaintiff's password protected payroll system without authorization, on over twenty (20) occasions, obtaining confidential accounting and compensation information.

## COUNT I
## Breach of Contract
## Plaintiff v. the Defendant

17. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs.

18. By the acts described above, Defendant violated the valid, binding, and enforceable Confidential Disclosure Agreement he entered with Plaintiff.

19. As a direct and proximate result, Plaintiff has suffered and continues to suffer irreparable harm and injury including but not limited to loss of customers, loss of goodwill, profits, business reputation, market share, and disclosure of its confidential information.

20. Plaintiff will continue to suffer such harm and injury.

## COUNT II
## Violation of the Defend Trade Secrets
## Act of 2016, 18 U.S.C. § 1836(b)
## Plaintiff v. the Defendant

21. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs.

22. Plaintiff's products and services are used in interstate and foreign commerce.

23. Plaintiff is the owner of trade secrets including, but not limited to, its customer lists, customer raw material specifications, cost information, business methods, services pricing lists, fees and compensation, strategic business plans, product importation and distribution plans, sales and marketing strategies, pricing strategies, targeted supplier and customer acquisition plans, and intellectual property.

24. Upon information and belief, Defendant has misappropriated Plaintiff's trade secrets, as aforesaid.

25. Plaintiff has been damaged by Defendant's misappropriation of Plaintiff's trade secrets.

## COUNT III
### Violation of the Uniform Trade Secrets Act 12 Pn.C.S.§5301 et Seq.
### Plaintiff v. the Defendant

26. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs.

27. Defendant had access to confidential information including trade secrets of Plaintiff as defined at 12 Pa.C.S.§5302.

28. Defendant's actions constituted misappropriation of Plaintiff's trade secrets such that their actions constitute, *inter alia*, a violation of Uniform Trade Secrets Act 12 Pa.C.S.§5301 et seq.

29. Such conduct by Defendant was willful and malicious within the meaning of the Uniform Trade Secrets Act.

30. Plaintiff was injured by the Defendant's conduct.

## COUNT IV
## Unjust Enrichment
## **Plaintiff v. the Defendant**

31. Plaintiff incorporates herein by reference the allegations in the preceding paragraphs.

32. By virtue of his status as a high-ranking and trusted Plaintiff employee, Defendant was entrusted with access to Plaintiff's trade secrets and other confidential information.

33. As set forth above, Plaintiff has conferred a benefit on the Defendant, such benefit was known and was retained and/or accepted by the Defendant.

34. Based on the unlawful conduct, it would be inequitable to allow the Defendant to retain such benefit.

## COUNT V
## (Computer Fraud and Abuse Act, 18 U.S.C. § 1080(g))
## **Plaintiff v. Defendant**

35. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

36. Plaintiff's payroll accounts and servers are "protected computers" under 18 U.S.C. § 1030(e)(2), because they are data storage facilities or communications facilities that are entirely contained on and accessed via the internet and operate in conjunction with computers that are used in or affecting interstate or foreign commerce or communication.

37. Defendant was not authorized to access Plaintiff's system at the time he accessed them.

38. Accordingly, Defendant knowingly and intentionally accessed Plaintiff's payroll system and servers without authorization, or by exceeding authorized access, and thereby obtained information from those computers and accounts, in violation of 18 U.S.C. § 1030(a)(2)(C).

39. Further, Defendant intentionally accessed Plaintiff's payroll system and servers without authorization, or by exceeding authorized access, and, as a result of such conduct, caused damage and loss, in violation of 18 U.S.C. § 1030(a)(5)(C).

40. As a result of Defendant's unlawful conduct, Plaintiff has suffered harm, and will continue to suffer harm and is therefore entitled to such relief as this Court deems appropriate and proper.

## COUNT VI
### (Stored Communications Act, 18 U.S.C. § 2701)
### Plaintiff v. Defendant

41. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

42. Defendant weas not authorized to copy or access Plaintiff's payroll system or servers.

43. Nonetheless, Defendant intentionally accessed Plaintiff's payroll system and servers in excess of his authorized access, and thereby obtained confidential electronic communications and attachments, in violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701(a).

44. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered harm, and will continue to suffer harm, and is therefore entitled to relief pursuant to 18 U.S.C. § 2707(c), and/or such other and further relief as this Court deems appropriate.

45. Further, Defendant willfully and intentionally accessed without authorization, or by exceeding authorized access, Plaintiff is therefore also entitled to punitive damages. *See* 18 U.S.C. § 2707(c).

# COUNT VII
## (Pennsylvania Stored Communications Act, 18 Pa. Cons. Stat. § 5741)
### Plaintiff v. Defendant

46. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

47. Defendant was not authorized to copy or access Plaintiff's payroll system and servers.

48. Nonetheless, Defendant intentionally accessed Plaintiff's payroll system and servers in excess of their authorized access, and thereby obtained confidential electronic information and attachments, in violation of the PSCA.

49. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered harm, and will continue to suffer harm, and is therefore entitled to economic relief and/or such other and further relief as this Court deems appropriate.

## PRAYER FOR RELIEF

50. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in its favor and against the Defendant, and grant it the following relief:

(a) Order Defendant to immediately return and cease any use of all documents, records, materials, data, property and information, whether maintained in hard copy, electronic, or other form and whether in the form of a copy or original, belonging to or obtained from or through Plaintiff, including but not limited to any and all customer lists, intellectual property, and customer information;

(b) Order Defendant to provide Plaintiff with an itemized log of the information returned pursuant to subparagraph (a) above and a sworn declaration signed by Defendant attesting to the following: that Defendant has conducted a complete and thorough search for all information described in subparagraph (a) above; that Defendant has returned all such information found; and that Defendant will make no further use of such information;

(c) Injunctive relief;

(d) Restitution and compensatory damages in an amount to be proved;

(e) Punitive damages against Defendant;

(f) An award to Plaintiff of costs of investigation and litigation, interest, and attorneys' fees; and

(g) Such other and further relief as is deemed just and proper by the Court.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: /s/Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
Attorney I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
sgold@discrimlaw.net
Attorney for Plaintiff

Dated: 01/06/2023

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATED: Jan 5, 2023

Glenn VandeGrift (Jan 5, 2023 19:37 EST)

**GLENN VANDEGRIFT**
**CLEANSPACE MODULAR, LLC**